Tarver *et al. vs.* Fleming.

J. T. JORDAN, by brief, for plaintiff in error.

GEORGE F. PIERCE, by Z. D. HARRISON, for defendant.

---

HARRIET M. TARVER *et al.,* plaintiffs in error, *vs.* PATRICK FLEMING, defendant error.

HARRIET M. TARVER *et al.,* plaintiffs in error, *vs.* PADDY McGLOHON, defendant in error.

From the facts set forth in the record in these cases, both of which stand on the same principles, there was no error in the judgment of the court making the rules absolute.

Rule against sheriff.   Laborer's lien.   Before Judge HILL. Twiggs Superior Court.   April Term, 1874.

The principles involved in the two cases above stated were precisely similar, and therefore only one case will be reported. They were argued and determined together.

On the 28th of February, 1872, Patrict Fleming, by occupation a ditcher, made affidavit before a judge of the superior court, that under a contract with William B. and Benjamin M. Tarver, he labored on their plantation during the year 1871, except in the months of July and August, and twenty days lost time, at the stipulated price of board and $500 00 for ten months. That for his labor on said plantation under said contract, the said Tarver had become indebted to him in the sum of $466 66, of which amount only $35 00 had been paid; that for the balance due demand had been made and refused. On the 8th of March, 1872, the affidavit was filed in the clerk's office, and a *fi. fa.* issued thereon. On the 26th of March said *fi. fa.* was levied on five hundred and thirty-six acres of land in said county, of the value of $500 00, but no sale had taken place. At the April term, 1874, a rule against the sheriff, at the instance of plaintiff in *fi. fa.*, came on for trial. Upon the trial Harriet M. Tarver having been made a party, showed to the court that at the April term of Twiggs superior court, 1873, she had obtained a decree in equity against William B. and Benjamin M. Tarver, and against certain property therein described (the land upon which the lien *fi. fa.* had been levied being a part of said property) and charged by the will of Hartwell H. Tarver, with the support and maintenance of the said Harriet M., and by judgment of the court made the "first charge and lien" upon said property. That a *fi. fa.* for the principal sum of $52,500 00, and $36-750 00 interest, had been issued on said decree, and was in the hands of the sheriff, and insisted that the money which should arise from the sale of said land levied on should be paid to her.

After argument, all parties being represented, it was ordered by the court that " the sum of $500 00 be brought into court by said sheriff, or so much thereof as is necessary to pay the

Tarver *et al. vs.* Fleming.

principal, interest and costs due on this (the lien) *fi. fa.*, and be paid over by said sheriff to the counsel for the plaintiff (Patrick Fleming) in satisfaction of the same." To which order and decision the said Harriet M. Tarver and the said sheriff excepted.

J. D. JONES, by Z. D. HARRISON ; WHITTLE & GUSTIN, for plaintiffs in error.

LANIER & ANDERSON, for defendants.

MCCAY, Judge.

We find no error in the judgment making the rules in these cases absolute. The sheriff has failed to obey the process, and he is in contempt. Nor can we see what Mrs. Tarver's execution has to do with this failure of the sheriff to seize and sell as required by the labor *fi. fas.* Suppose she has a superior lien, is that any excuse for the sheriff? Nor are we prepared to say that this judgment in favor of Mrs. Tarver, is a judicial determination that her lien is a higher one than that of these plaintiffs' *fi. fas.* who were not parties to that suit. As to a good deal of the property described in this *fi. fa.* of Mrs. Tarver, to-wit: all of it that is not the specific property charged by the testator with the support of his widow, we should hesitate long before giving her a preferred lien as against parties who were not parties to that decree. The bill and answers not being before us, we cannot, as a matter of course, decide upon their effect, but so far as we can now see we think these laborers ought to have their money, even as against Mrs. Tarver.

Judgment affirmed.